Jessie J. Branch v. Commissioner.
Branch v. Commissioner
Docket No. 26534.
United States Tax Court
1950 Tax Ct. Memo LEXIS 26; 9 T.C.M. (CCH) 1083; T.C.M. (RIA) 50291; November 29, 1950
*26 Jessie J. Branch, pro se. William Fay, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves income tax for the calendar years 1946 and 1947. The principal question involved is whether the petitioner is entitled under section 25 (b) (3) of the Internal Revenue Code to a credit against net income because of a child supported by her and by her called her "foster son." The record before us is sparse and highly unsatisfactory but it appears therefrom, although the full deficiency notice was not placed in evidence, that deficiency totaling $124 was determined, being $30 for the year 1946 and $94 for the year 1947. [The Facts] We find the following facts: The petitioner resides at Midlothian, Virginia, and filed the individual income tax returns here involved with the collector for the district of Virginia. At the trial she represented herself without counsel. About 1940 the petitioner took into her home a 6-year old boy named Roland Anderson. The Friends Association gave him to her because he had no one else to take care of him. He has no parents. Since that time she has supported him, sent him to school, *27 paid a hospital bill for him ($25including in 1947), as to which there was no insurance, and has been his sole support. He is now in the third year of high school to which she sends him. She was his sole support during the taxable years. She spent about $75 a year for his schooling during those years. Roland Anderson is not related in any way to petitioner. She has never adopted him and she has never been in court on adoption proceedings as to him. The petitioner's income tax return for the year 1946 claimed as exemptions a son and Roland Anderson, "foster son." The return showed income of $1,290 from occupation as school teacher. No other deductions or exemptions were claimed. Her return for 1947 likewise claimed exemptions for Roland Anderson as "foster son" and for a son, and reported $1,650 income, with occupation shown as teacher, and claimed no other exemptions or deductions. At trial not proof was made of any other expenses incurred by the petitioner although in the amended petition there are enumerated expenses for taxes, gasoline and oil, automobile repairs, and $285.50 medical expenses for Roland Anderson and $3 doctor bill; and upon brief petitioner argues for the allowance *28 of expenses for taxes, oil and gasoline and automobile repairs, sick and accident insurance and $228.50 medical and hospital expenses, including $285.50 because of Roland Anderson. Such expenses, being neither claimed in the returns nor proven, can not, of course, be allowed as deductions. [Opinion] With reference to the principal question of exemption for Roland Anderson as "foster son," section 25 (b) (3) includes in the definition of dependents for whom credits against net income are allowed, "a legally adopted child." The petitioner testified positively that she had never adopted Roland Anderson; therefore exemption can not be allowed to her because of him. Though the fact that she has for ten years raised the boy and sent him to school is highly laudable, since the statute expressly requires that a dependent of the kind here claimed by her must be "legally adopted" it is obvious that one informally adopted or taken into a home is affirmatively shown to be intentionally excluded from the exemption, and we can not allow the exemption merely because the petitioner is in loco parentis under the evidence. For lack of proof as well as failure to claim in the returns, the other *29 items, of expense, argued for must be and are disallowed. The medical expenses contended for even if proven would not be allowable under section 23 (x) of the Internal Revenue Code since that section requires that they be for a "dependent specified in section 25 (b) (3)." Form 1040 was used in making the income tax returns and no deductions are claimed (though exemptions are listed) and petitioner seems to be in the position of having claimed the standard deduction. No error is found in the Commissioner's determination of deficiency. Decision will be entered for the respondent.